(52 Misc. Rep. 308)

PEOPLE ex rel. HARPER et al. v. ROBERTS et al.

(Supreme Court, Special Term, Fulton County. January, 1907.)

1. NEWSPAPERS—DESIGNATION OF OFFICIAL PAPER—PUBLICATION OF SESSION LAWS.

Where a supervisor has under County Law, Laws 1892, p. 1749, c. 686, § 19, signed a designation of a newspaper for the publication of Session Laws, he may withdraw his signature at any time before the designation has been filed with the county clerk.

2. SAME—WITHDRAWAL OF DESIGNATION.

Where a supervisor has signed a designation of a newspaper for the publication of Session Laws, he may revoke his signature by delivering to the county clerk a written notice to that effect before the clerk has acted on the designation.

3. SAME.

Where the signature of a supervisor to a designation of a newspaper for the publication of Session Laws, under County Law, Laws 1892, p. 1749, c. 686, § 19, was canceled, and that of another revoked, so that the signatures of only a minority of the Republican members of the board were affixed to such designation, and at the same time a designation of another newspaper was filed bearing the signature of a majority of such members, such designation is effective, and the clerk cannot designate a third paper on the ground of a tie.

Application by the people, on the relation of George W. Harper and others, for writ of peremptory mandamus against John S. Roberts

and Walter C. Tefft, requiring them to designate a certain newspaper as the paper to publish the Session Laws.

Weeds, Conway & Cotter, for plaintiffs.
Smith & Wickes, for defendants.

SPENCER, J.   Two designations of newspapers were attempted by the Republican members of the board of supervisors of Essex county for 1906; one for the Essex County Republican, and the other for the Essex County News.   They were filed simultaneously with the clerk.   Each was signed by eight members, constituting a majority of the Republican members.   The name of Supervisor J. R. Carson appeared upon the paper designating the Essex County Republican; but there were two straight lines drawn in pencil through his signature, clearly indicating cancellation of his name.   Later, but on the same day, Carson filed with the clerk a written notice to the effect that his name to the paper had been canceled and should not be regarded in respect to any designation.   On the same day there was also delivered to the clerk a written notice from Wheelock to the effect that he revoked his signature to the paper designating the Essex County Republican.   Subsequently the clerk decided there was a tie, and a failure to make designation.   From these undisputed facts I think the clerk erred in deciding there was a tie.   No one seems to have been misled as to Carson's intention to withdraw his name.   It would be remarkable if a supervisor, signing a paper by mistake or otherwise, has not the right to correct his error before the document is filed with the clerk.   If he had such right, the paper designating the Essex County News bore the names of a majority of the Republican members, and was, therefore, entitled to be designated.   That the clerk was not misled is evident from the fact that he received and filed Carson's written notice before he attempted to make any decision.

The next question is as to the right of Wheelock to revoke one of his designations.   He clearly had no power to designate two papers. The view that a filing of a designation is a bar to its revocation is drawn from the decision of People ex rel. The Union, etc., v. Supervisors of Monroe County, 60 Hun, 328, 14 N. Y. Supp. 867.   But that decision was under the statute of 1886, which conferred power of appointment on the board of supervisors, and the attempted revocation was subsequent to an actual appointment by the board.   At the time Wheelock served his ˙ revocation the clerk had not acted.   The power to designate newspapers to publish Session Laws and concurrent resolutions is not now conferred. upon boards of supervisors, but is given to the supervisors individually; and their acts in signing a designation are not the act of a board, committee, or organized body. The statute does not require designations by supervisors to be upon a single document.   Each supervisor may make and file his designation separate and apart from those of the others.   Until a designation made and filed by him has been acted upon and become the foundation of some right in another, his power over the same remains, and he may revoke by any appropriate method.   I am of the opinion that the method employed by Wheelock was a proper one, and that the clerk had no authority to disregard the same.

The defendant in his return reports that, inasmuch as there was a failure to make a designation, he has designated the Ticonderoga Sentinel, because it was the last Republican paper designated. I find nothing in the statute which makes it his duty to so designate. I think his action in that regard is a nullity. If there was a failure to designate, the last prior designation stands by operation of law. As there is no disputed question of fact, I am of the opinion that a peremptory writ of mandamus should issue to the defendant requiring him to notify the Secretary of State that the Essex County News has been designated by a majority of the Republican members of the board to publish the Session Laws and concurrent resolutions for the ensuing year. As the defendant has acted in good faith and is not responsible for the confusion, I shall not charge him with the costs of this proceeding.

Let an order be entered, and mandamus issued accordingly.

Ordered accordingly.