PEOPLE ex rel. RATHBURN v. TABOR, Clerk of Board of Supervisors.

(Supreme Court, Special Term, Cayuga County.   March 1, 1913.)

1. NEWSPAPERS (§ 1*)—PUBLICATION OF LAWS—SELECTION BY REPUBLICAN SUPERVISORS.

A designation by a majority of the Republican members of a board of supervisors of a newspaper to publish the Session Laws and Resolutions filed before the organization of the board with the clerk who held office until his successor was appointed prevails over another designation signed by a majority of the Republican members and filed five minutes later, as the designation is the act of the Republican members, and not of the board.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1-13;  Dec. Dig. § 1.*]

2. NEWSPAPERS (§ 1*)—PUBLICATION OF LAWS—SELECTION BY REPUBLICAN MEMBERS.

Whether a newspaper designated by a majority of the Republican members of a board of supervisors to publish the Session Laws and Resolutions has a sufficient general circulation to justify its designation cannot be decided by the clerk of the board with whom the designation is filed, as his duty is simply the ministerial one of forwarding to the Secretary of State notice of such designation.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1-13;  Dec. Dig. § 1.*]

3. MANDAMUS (§ 151*)—PUBLICATION OF LAWS—DESIGNATION OF NEWSPAPER —ATTACK ON VALIDITY OF DESIGNATION.

The designation by the majority of the Republican members of a board of supervisors of a newspaper to publish the Session Laws and Resolutions cannot be attacked on motion for a peremptory writ of mandamus to compel the clerk of the board to forward the name and address of another paper as the one designated by the Republican members by affidavits as to the circulation of the paper designated; the Republican members not being parties to the proceeding.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 291, 292; Dec. Dig. § 151.*]

4. MANDAMUS (§ 81*)—PUBLICATION OF LAWS—DESIGNATION OF NEWSPAPER.

Unless there is a plain violation of the duty of the Republican members of a board of supervisors in designating a newspaper to publish the Session Laws and Resolutions, there can be no review of their acts by the court, nor judicial interference with the exercise of their judgment as to which of several newspapers should be selected.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 138, 139; Dec. Dig. § 81.*]

Motion for peremptory writ of mandamus by the People, on the relation of Pearl M. Rathburn, against Ernest C. Tabor, clerk of the board of supervisors of Cayuga county.   Motion granted.

Motion for peremptory writ of mandamus compelling the defendant, as clerk of the board of supervisors of Cayuga county, to immediately forward to the Secretary of State a notice stating the name and address of the Moravia Republican as the newspaper designated by the Republican members of the board of supervisors of said county for the publication of the Laws and Concurrent Resolutions of the Legislature for the year 1913.

John Van Sickle, of Auburn, for relator.
Turner & Kerr, of Auburn, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SUTHERLAND, J. [1] In my opinion the designation of the Moravia Republican, made in writing by a majority of the Republican members of the board of supervisors, filed with the clerk November 11, 1912, at 2:21 p. m., is the document which must control the action of the clerk in this case, and prevails over a designation of the Auburn Semi-weekly Journal, filed five minutes later, which later designation is also signed by a majority of the Republican members of said board, several of the said members having signed both documents. A month later these supervisors who had signed both papers filed with the clerk written directions to cancel their names from the document designating the Moravia Republican. Although the board of supervisors itself had not organized for the session of 1912, Mr. Tabor was the clerk of the board of supervisors when both papers were filed with him, for his successor had not yet been appointed. Section 10, County Law (Consol. Laws 1909, c. 11).

The designation of party papers to publish the Session Laws is not the act of the board of supervisors as a board, but is the act of the members of the board belonging to the two principal political parties respectively. These two groups of individuals have the authority, under the statute, to designate the party paper to publish the Session Laws and Concurrent Resolutions, provided the paper selected fairly represents the political party to which they respectively belong; "regard being had to the advocacy by such paper of the principles of its party and its support of the state and national nominees thereof, and to its regular and general circulation in the towns of the county." It is made the duty of the clerk, "as soon as such designation is made, to forward to the Secretary of State a notice stating the name and address of such newspapers as have been selected for the publication." The board, as such, has no duty to perform with regard to these designations and has no jurisdiction over them, and the clerk is not required to wait until the board convenes as a board before forwarding the notice of the choice of the two classes of members. His duty is to forward the notice as soon as the designation is filed. Therefore it seems clear that the first designation filed must prevail over another subsequently filed, to which members have shifted their names. People v. Supervisors of Monroe County, 60 Hun, 328, 14 N. Y. Supp. 867; Matter of Troy Press Co., 94 App. Div. 514, 88 N. Y. Supp. 115, affirmed 179 N. Y. 529, 71 N. E. 1141; People ex rel. Donnelly v. Riggs, 19 Misc. Rep. 693, 45 N. Y. Supp. 53.

We are referred to a passage in the opinion of the learned justice sitting at Special Term in People ex rel. Harper v. Roberts, 52 Misc. Rep. 308, 102 N. Y. Supp. 1110, to the effect that a supervisor can cancel his name from the written designation at any time before the clerk has acted upon the designation. That statement was not necessary to the decision of the Harper Case, because there the withdrawal of the name of the supervisor was made before the written designation was filed with the clerk, and the learned justice in the Harper Case was also laboring under the misapprehension that the statute of 1886 (Laws 1886, c. 515), under which the Monroe County Case, 60 Hun, 328, 14 N. Y. Supp. 867, supra, was decided, conferred the power of the appointment of the newspaper on the board of supervisors. Attorney

General Carmody, in an opinion rendered January 14, 1911, to the Secretary of State, regarding the designation of a Republican paper in Oneida county, takes the position in a case quite similar to the one at bar that the first designation filed with the clerk is the one which controls.

[2] On behalf of the proprietors of the Auburn Semi-weekly Journal, affidavits have been filed on this motion, by which it is attempted to be shown that the circulation of the Moravia Republican is not so general throughout the county as to justify its designation.

[3] That is a question with which the clerk who, for this purpose, acts in a purely ministerial capacity, has nothing to do. The Republican members of the board signing the designation of the Moravia Republican are not parties to this proceeding, and I do not see how their determination as to the standing of the Moravia Republican can be attacked in this proceeding, and by such affidavits. The choosing by the Republican supervisors of the newspaper is an administrative act. People ex rel. R. & J. Co. v. Wiggins, 199 N. Y. 382, 385, 92 N. E. 789.

[4] And, unless there is a palpable violation of duty in the premises, there should be no review by the courts, nor judicial interference with the exercise of judgment as to which of several newspapers should be selected out of a debatable field. People ex rel. Schau v. McWilliams, 185 N. Y. 92, 98, 77 N. E. 785.

For these reasons, the motion for a mandamus to compel the clerk to forward the name and address of the Moravia Republican as the paper designated should be granted. No costs are allowed.