In the Matter of GROSE-PETERS, INC., Doing Business as THE BALLSTON SPA JOURNAL, Appellant, against HENRY J. KINNS, as Clerk of the Board of Supervisors of Saratoga County, et al., Respondents.

Third Department, June 29, 1951.

*Harold N. Van Aernem* for appellant.

*John W. Nichols* for Henry J. Kinns, as Clerk of the Board of Supervisors of Saratoga County, respondent.

*John A. Slade* for the *Saratogian,* respondent.

*Per Curiam.* The provisions of former section 20 of the County Law authorized the members of the board of supervisors representing the two principal political parties in a county to designate newspapers representing respectively the viewpoints of their parties for the publication of concurrent resolutions in the Legislature. Former section 22 gave a similar authorization in respect of election notices issued by the Secretary of State and the official canvass.

In 1950 there were, in Saratoga County's twenty-one member Board of Supervisors, seventeen Republican members and four Democratic members. On October 23, 1950, eleven Republican members of the board signed a written designation of the *Ballston Spa Journal* as the newspaper to publish public information described in the two sections. They filed the instrument with the board which received it and ordered it printed.

Six of the Republican members of the board did not join in this designation. On November 13th, three of the eleven members who had executed the designation of October 23d, each filed with the board instruments addressed to the clerk of the board, stating that they cancelled and revoked the previous designation. The board similarly received and ordered these printed.

On the same day, the six supervisors who had not signed the original designation and the three who signed the instruments of cancellation and revocation, together joined in the execution as Republican members of the board of an instrument designating the *Saratogian,* another newspaper, to publish the public information described in sections 20 and 22.

The nine members thus executing this instrument constituted a majority of the seventeen Republican members of the board. On November 22d the clerk of the board executed and filed with the Secretary of State a certificate which recited that the *Saratogian* had been designated as the newspaper appointed for the Republican party for the purposes described in sections 20 and 22.

The statute in terms required the clerk '' as soon as such designation is made '' to forward to the Secretary of State a notice stating the name and address of such newspapers '' as have been selected ''.  When the owners of the *Ballston Spa Journal* served on the clerk of the board a demand that he set forth the name of that newspaper in his notice to the Secretary of State, he took no such action and this proceeding in the nature of mandamus was instituted against him.  The *Saratogian* was joined as a party.

The relief sought is that the clerk be required to certify the *Ballston Spa Journal* to the Secretary of State.  Both respondents set up certain defenses, and petitioner served a reply dealing with the affirmative defenses.  The Special Term summarily dismissed the petition on the merits and entered a final order denying the relief sought.  This sort of disposition assumed that every fact favorable to the petitioner had been accepted by the court.

In our view of the case we think the court at Special Term was right about the conclusion reached, and that it will be unnecessary to consider the claim asserted by the *Saratogian* in its answer that the circulation of the *Ballston Spa Journal* was not large enough or general enough in the towns of the county to qualify for designation under section 20; or the reasons advanced by the three supervisors who revoked their designation that they later '' realized '' that there was a '' serious question '' of the *Ballston Spa Journal's* qualification .

We think that while the designation lay unacted upon by the clerk, and still before the board, the members had the power to revoke their previous certificate and join in the making of, or make, a different one.  The statute required the clerk to send the

certificate to the Secretary of State " as soon as such designation is made ", but until he did so the matter remained within the control of the members of the board authorized to act. It was filed with and remained with the board and its members until the clerk took it up and sent it on as the statute required.

The filing of the certificate with the board, its receipt and its printing, steps which are alleged in the petition, were in themselves given no statutory significance or effect. The statute required that the certificate be filed with the clerk, and while this is not expressly alleged, the necessary implication is that he received it.

A majority of the Republican members of the board have construed their own procedure as authorizing a change before the clerk acted under the statutory direction, and the Special Term being of the same view, we cannot say as a matter of law, in a debatable field, that these views are unreasonable. A similar view, in a somewhat similar situation, was taken by the Fulton Special Term in 1906 in *People ex rel. Harper* v. *Roberts* (52 Misc. 308).

In spite of strong language swinging in a different direction in *People ex rel. Union & Advertiser Co.* v. *Supervisors of Monroe County* (60 Hun 328), the General Term actually decided that a second designation of a newspaper by supervisors was a sufficient reconsideration of a first one, and it affirmed the validity of the second designation. In *Matter of Troy Press Co.* v. *Clerk of Bd. of Supervisors* (94 App. Div. 514, affd. 179 N. Y. 529) the first designation was clearly invalid and hence the second designation was treated as the first valid one. The case is not, therefore, of help in the problem brought here.

The order should be affirmed, with $25 costs divided between the respondents, and disbursements to each.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Order affirmed, with $25 costs to be divided between the respondents and with disbursements to each.